IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| N. CURREN THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-cv-00193-DGK |
| | ) | |
| FLYNN MIDWEST LP, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiff N. Curren Thomas was previously employed by Defendant Flynn Midwest LP, and alleges Defendant discriminated against her on the grounds of disability, race, and gender. Compl., ECF No. 1-1. She brings this suit under various federal laws, as well as the Missouri Human Rights Act ("MHRA"). *Id.* Now before the Court is Defendant's motion to dismiss Plaintiff's MHRA claims—Counts I–V—on grounds that Plaintiff has not received a certificate of appealability from the Missouri Commission on Human Rights, Mot., ECF No. 4. For the reasons stated below, the motion is GRANTED.

**Standard of Review**

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[]." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court construes Plaintiff's Complaint liberally and draws all reasonable inferences from the facts in Plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009).

## Procedural History

Prior to filing her complaint in the Jackson County Circuit Court, Plaintiff sought relief from both the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR"). Compl. ¶ 10. Plaintiff received a right to sue letter from the EEOC regarding her federal claims on December 6, 2021. *Id.* ¶ 3; Resp. at 2, ECF No. 6. While Plaintiff requested a right-to-sue letter from the MCHR regarding her MHRA claims, she has not yet received one. *Id.*

Plaintiff filed this action in Jackson County Circuit Court on March 4, 2022. Notice of Removal, ECF No. 1. Defendant removed to this Court on March 23. *Id.*

## Discussion

Defendant now moves to dismiss Plaintiff's MHRA claims—Counts I–V—on the ground that Plaintiff has failed to exhaust her administrative remedies because she has not yet received a right-to-sue letter. In response, Plaintiff admits that she has not yet received a right to sue letter from the MCHR, but argues that failure to exhaust administrative remedies "can be cured after filing a suit," and thus the Court should not dismiss her state law claims. Resp. at 3, ECF No. 6. Plaintiff states that she brought the MHRA claims before receiving a right-to-sue letter from the MCHR because she received the EEOC's right-to-sue letter on December 6, 2021, and thereafter had only ninety days in which to file her federal claims. *Id.* at 2. Plaintiff seems to imply that she also plead the MHRA claims—despite that she has not exhausted her administrative remedies— because she cannot bring her federal claims and her MHRA claims separately. *Id.* at 4 ("The overriding principle for our system of justice is to allow the aggrieved party to bring forth their claims."). However, Plaintiff has cited no law indicating that federal claims and parallel MHRA claims—even when arising out of the same act or occurrence—must be brought together.

2

"To initiate a claim under the MHRA, a party must timely file an administrative complaint with MCHR and either adjudicate the claim through the MCHR or obtain a right-to-sue letter." *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000). Only after a Plaintiff receives a right-to-sue letter from the MCHR may it file an MHRA claim. *Hammond v. Mun. Correction Inst.*, 117 S.W.3d 130 (Mo. Ct. App. 2003); *see also Whitmore v. O'Connor Mgmt., Inc.*, 156 F.3d 796, 800 (8th Cir. 1998) ("[A] right-to-sue letter [i]s a condition precedent, although not a jurisdictional prerequisite, to bringing an action under the MHRA."). Because Plaintiff has not received a right to sue letter from the MCHR, the Court does not have statutory authority to proceed, *see McDonald v. Chamber of Com. of Indep.*, 581 S.W.3d 110, 116–18 (Mo. Ct. App. 2019); Mo. Rev. Stat. § 213.111.1, and must dismiss Plaintiff's MHRA claims. *See El-Scari v. Comprehensive Mental Health Servs.*, No. 4:19-00179-CV-RK, 2019 WL 5386489, at *4 (W.D. Mo. Oct. 21, 2019).

Plaintiff is nonetheless correct that her failure thus far to receive a right-to-sue letter is curable after filing suit. Should Plaintiff receive a right-to-sue letter from the MHRA, she may cure this failure by bringing an amended complaint. *Rippee v. WCA Waste Corp.*, No. 09-3402-CV-S-MJW, 2010 WL 816625, at *2 (W.D. Mo. Mar. 4, 2010).

## Conclusion

Defendants' motion to dismiss Plaintiff's MHRA claims is GRANTED. Plaintiff's Counts I, II, III, IV, and V are DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date:  April 29, 2022            /s/ Greg Kays
                                 GREG KAYS, JUDGE
                                 UNITED STATES DISTRICT COURT